**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARY NASH, a resident of Wake
County, North Carolina,
<u>Plaintiff-Appellant,</u>

v.

No. 00-1312

HUDSON BELK COMPANY #458, of
Raleigh, North Carolina, a Delaware
Corporation,
<u>Defendant-Appellee.</u>

MARY NASH, a resident of Wake
County, North Carolina,
<u>Plaintiff-Appellant,</u>

v.

No. 00-1867

HUDSON BELK COMPANY #458, of
Raleigh, North Carolina, a Delaware
Corporation,
<u>Defendant-Appellee.</u>

Appeals from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CA-99-134)

Submitted: August 31, 2000

Decided: September 27, 2000

Before WILKINS, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mary Nash, Appellant Pro Se. Gregory Phillip McGuire, Sarah Helen Berdahl, HAYNSWORTH, BALDWIN, JOHNSON & GREAVES, L.L.C., Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In No. 00-1312, Mary Nash appeals the district court's order entering summary judgment for Defendant in an action alleging race discrimination in employment. In No. 00-1867, Nash appeals the district court order awarding Defendant, as the prevailing party, $4096 in attorney's fees. We affirm.

In August 1998, Nash, an African-American, requested a transfer to the china department at the Belk store where she had worked since 1987. The transfer was denied. The reason for the denial was the belief that Nash had engaged in an improper sales transaction in 1996 when she previously worked in the china department. Nash alleged that the transfer denial constituted race discrimination in violation of Title VII of the Civil Rights Act of 1964. See 42 U.S.C.A. § 2000e-2 (West 1994). Because Nash provided no direct evidence of race discrimination, she was required to rely on the burden-shifting method of proof announced in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). However, Nash failed to establish a prima facie case of discrimination because the open position was not filled by someone outside the protected class and because she did not establish that white employees who were suspected of wrongdoing also were

2

denied requested transfers. <u>See Alvarado v. Board of Trustees of Montgomery Community College</u>, 928 F.2d 118, 121 (4th Cir. 1991).

Nash also asserted in this action that there was a racially hostile work environment at the store. This allegation was not raised in her EEOC charge and therefore was not properly before the district court. However, to the extent that the claim was properly before the court, it lacked merit because Nash presented no evidence tending to show that the incidents of harassment she identified occurred because of her race. <u>See Causey v. Balog</u>, 162 F.3d 795, 801 (4th Cir. 1998).

A district court, in its discretion, may award reasonable attorney's fees and costs to the prevailing party in an employment discrimination action. <u>See</u> 42 U.S.C.A. § 2000e-5(k); <u>see also Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412, 422 (1978). Here, the district court found that fees should be awarded to Defendant but that the request for $8165.90 in fees was excessive. Applying the factors first identified in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974), the court awarded Defendant $4096 in fees. We conclude that the district court did not abuse its discretion in awarding fees or setting the amount of the award.

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3